BOWLING, Justice,
for the Court:
This is a suit by the City of Jackson to cancel an expanded manufacturing facility exemption previously granted to DeSoto, Inc., d/b/a MPI Industries, and to assess back taxes. City of Jackson entered an order cancelling the exemption and assessing back taxes on March 24, 1976. MPI appealed this order to the Circuit Court of the First Judicial District of Hinds County, which reversed the order of the City of Jackson both as to cancellation of the exemption and as to assessment of back taxes. We reverse the circuit court as to suspension of the exemption, affirm the court as to assessment of back taxes, and render judgment.
The issues presented on appeal are: (1) When a manufacturer is granted an exemption on a new building under Mississippi Code Annotated section 27-31-105 (1972), which provides exemption for additional or expanded manufacturing facilities, is that exemption lost when the manufacturer leases the new building to another corporation for use as a free port warehouse; and (2) if the exemption is lost, may the City back assess the manufacturer for the amount of the exemptions previously given?
*685 MPI has for many years operated a large manufacturing plant in the City of Jackson. In 1972, MPI constructed a large warehouse type building adjacent to its manufacturing plant. In October of that year, MPI requested an exemption on the building and fixtures as an additional or expanded property under Code section 27-31-105 (1972).
In December, 1972, DeSoto Free Port Warehouse, Inc., was granted a charter of incorporation, and on December 29, 1972, the City of Jackson was notified by attorneys for the Warehouse of the incorporation, that Warehouse had been licensed as a free port warehouse by the State Tax Commission, and that Warehouse had “certain agreements” with MPI whereby products manufactured by MPI would be consigned to the Warehouse. The notification indicated that the warehouse building to be leased from MPI and operated by DeSoto Free Port Warehouse was the same building for which MPI requested an exemption as an expanded facility.
MPI’s petition for exemption as an additional facility was granted by the City of Jackson on February 6, 1973, to become effective back to January 1, 1973. This tax exemption continued in effect until March 24, 1976, when it was cancelled or suspended by the City of Jackson. In its order the City of Jackson ruled that since MPI had leased the facility to DeSoto Free Port Warehouse, Inc., to be used as a warehouse, it could no longer qualify as an “expanded manufacturing facility.” The order can-celled the exemption and directed that there be a back assessment of ad valorem taxes against the property in question for the years 1973, 1974, and 1975.
The first question presented is essentially a matter of statutory construction. The determination as to whether MPI lost its exemption is controlled by the statutory scheme defining what the exemption is (Code section 27-31-105), when the exemption may be suspended (Code section 27-31-111), or cancelled (Code section 27-31-113).
Code section 27-31-105 grants the exemption to manufacturers “who make additions to or expansions of the facilities or properties used in connection with or necessary to the operation of such enterprise
Code section 27-31-111 states that the exemption once granted will be suspended when there is a “cessation of manufacturing operations.”
Code section 27-31-113 provides for cancellation of the exemption if, among other things, “the industry does not meet the definitions of a manufacturing industry
These three statutes taken together indicate that the exemption was intended for new but integrated parts of a manufacturing concern. The converse, illustrated by the suspension and cancellation statutes, is that if the new addition ceases to be a part of the manufacturing process, the exemption is susceptible to revocation.
In the present case, it is admitted that while MPI, the manufacturer, does consign its products to the warehouse, the warehouse itself is run by a separate corporation, as a free port warehouse. Thus, the “new facility,” i. e., the building, presently, is not a part of the manufacturing process. It neither manufactures anything, nor does it house equipment or other fixtures used in the manufacturing process, nor is it operated by the manufacturer, MPI.
Based on these facts and the controlling statutory language, City of Jackson was acting within its discretionary power in finding the newly constructed building had ceased to qualify for the exemption.
The matter of assessment of back taxes is in similar manner controlled by the language of the statutes. Both statutes concerning loss of the exemption once granted (section 27-31-111 on suspension, and section 27-31-113 on cancellation) speak in prospective, not retrospective, language, and neither should be construed as penal in nature.
At the time the exemption was granted, the City was aware of all the facts regarding the nature of the transaction between MPI and Warehouse, including the fact that *686 there existed a lease agreement between the two corporations. The City of Jackson granted an exemption with full knowledge in 1973, yet did not make a determination of suspension or cancellation until March 24, 1976. There was no change in the fact situation between those dates, nor are there any suggestions of fraud on the facts.
Under the language of Code section 27-31-111 and the present facts, the exemption was not suspended or cancelled until the determination of March 24, 1976, and became effective on that date. The City may not back assess for the period prior to that date. Cf. Meador v. Mac-Smith Garment Co., 188 Miss. 98, 191 So. 129 (1939).
Since the City of Jackson properly determined that the exemption of MPI should be terminated, the judgment of the lower court is reversed to that extent. Since the statutes on termination of the exemption are not penal in nature, and on the facts as presented there is no fraud, the judgment of the lower court is affirmed to the extent it denied back assessment of taxes for 1973, 1974, and 1975.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.